NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DAVIS TRANSPORT, INC., Respondent.

No. 20176.

United States Court of Appeals,
Sixth Circuit.

Oct. 16, 1970.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

Alice Andrews, N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Alice Andrews, Attys., N. L. R. B., Washington, D. C., on brief.

Ronald R. Allen, Evansville, Ind., for respondent; Harry P. Dees, Arthur R. Donovan, Joseph A. Yocum, Ronald R. Allen, Evansville, Ind., on brief; Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

PER CURIAM ORDER.

The National Labor Relations Board seeks enforcement of its orders issued

---

* Rule 18, 5th Cir., *See* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

against the respondent, Davis Transport, Inc. The Board's Decision and Order issued on January 31, 1968, is reported at 169 N.L.R.B. No. 80 and its Supplemental Decision and Order issued on January 27, 1970, is reported at 180 N.L.R.B. No. 148. The Board found violations of Section 8(a) (1) of the Act due to the respondent threatening its employees with reprisals, soliciting their withdrawal from the union and promising benefits for withdrawal. It was also found that Section 8(a) (3) and (1) were violated because certain employees were discharged by the respondent because of their union membership.

In this Court the respondent has abandoned its opposition to most of the Board's findings of unfair labor practices and now contends only that the Board erroneously found that the respondent violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the union. The crucial issue is whether the Board abused its discretion in determining what employees constituted an appropriate bargaining unit. We conclude that the Board has articulated substantial reasons for its determination of the appropriate bargaining unit which are supported by substantial evidence on the record as a whole.

Therefore, it is ordered that the orders of the Board be enforced.